## C. H. CROWSON v. THE STATE.

### No. 4560.  Decided March 23, 1909.

### Rehearing Denied April 14, 1909.

**1.—Burglary—Continuance—Bill of Exceptions.**

Where upon appeal from a conviction of burglary there appeared no bill of exceptions in the record to the court's ruling denying the application for continuance, there was no error.

**2.—Same—Bill of Exceptions—Husband and Wife.**

Where upon appeal from a conviction of burglary appellant complained that the court permitted the impeachment of the testimony of appellant's wife, and there were no exceptions reserved to the ruling of the court the same could not be considered; besides the court's ruling does not seem to have gone beyond the law.

**3.—Same—Sufficiency of the Evidence.**

Where upon trial for burglary some of the alleged recently stolen property was found in the possession of the defendant, and there were other facts going to connect him with the burglary, the conviction was sustained.

Appeal from the District Court of Anderson.  Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. G. Greenwood,* for appellant.—On question of circumstantial evidence: Warren v. State, 52 Texas Crim. Rep., 218.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant filed an application for a continuance which was overruled. This ruling of the court can not be reviewed because appellant failed to reserve an ,exception. There is no bill of exception in the record as to this or any other matter occurring during the trial.

He urges in his motion for new trial that the court erred in permitting the wife of defendant to be contradicted or impeached by showing that she made contradictory statements out of court to those which she testified on the trial. There were no exceptions reserved to these rulings of the court, and as we find the statement of facts we are .of opinion that the court did not go beyond the law in ruling as he did, but in any event these rulings can not be reviewed in the absence of a bill of exception.

It is also urged that the testimony is not sufficient. We are of opinion that it is ample. It may be well enough to state that the conviction was for burglary of a railroad car with intent to commit the crime of theft. The property taken from the car was quite a number of hams branded "red gravy hams." The facts show that appellant had quite a number of these hams in possession, which were taken from the car. There are other facts going to connect him with this transaction. It is also shown that after being arrested and giving bond, he fled the country and was arrested after some length of time in California. The details of the testimony cover several pages of the record and present a sufficient case to justify the verdict of the jury.

The judgment is ordered to be affirmed.

*Affirmed.*

[Rehearing denied April 14, 1909.—Reporter.]